(No. 78-CC-1454—

NORTHLAKE BUILDING PARTNERS, d/b/a Northlake Hotel, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 9, 1986.*

ABRAMS & ASSOCIATES (JERRALD B. ABRAMS, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (GLEN LARNER, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This is a claim for damages incurred to real property of Claimant at 401 West Lake Street, Northlake. The crux of the claim is the allegation that the Illinois State police at times rerouted and directed vehicular traffic over Claimant's parking lot.

Claimant is the owner of the Northlake Hotel at that address. Before Martin C. Ashman, our commissioner, Kenneth Naslund, president and manager of Claimant's hotel, was the only witness for Claimant. He testified that at the location there was a viaduct which, on numerous occasions, became .flooded during rainfalls and on those occasions the Illinois State police used Claimant's parking lot as a turnaround area. Naslund testified that on those occasions, the exact dates or number of which he could not recall, he saw Illinois State patrolmen in uniform direct traffic upon his parking lot in the years 1975 through 1978.

The Northlake Hotel was built in 1969, but the developers of the hotel went out of business in 1970 and there was no hotel-type traffic until 1975 when the Claimant took over. The condition of the driveway in question in 1975 was "fair." There were some superficial cracks and surface grazing. The area in question is

adjacent to an industrial area and the highway normally carries traffic consisting of heavy trucks.

In 1975, Naslund testified, the Northlake local police commenced directing traffic on Claimant's driveway to make U-turns on the driveway during viaduct flooding. Naslund complained to the chief of police of Northlake and the traffic diversions ceased. Thereafter, according to Naslund, the traffic diversions by the Illinois State police commenced. Naslund complained to the officer directing traffic on four or five occasions, but the traffic diversions on his property continued. Naslund was unable to supply dates of such complaints nor names of the officers.

Naslund, an engineer, testified that the grinding action of tires making small-radius turns around an island in the driveway caused the asphalt pavement to rapidly disintegrate. On September 29, 1977, the Northlake Hotel, in writing, requested the State to repair its driveway, which request was refused. On May 12, 1978, Claimant expended $1,200.00 to repair the driveway and on September 12, 1980, Claimant expended $2,993.00 to repair the driveway. In addition, hotel employees repaired the area a total of four or five times for which no cost was submitted nor were the dates of such repairs revealed.

Respondent's evidence was that the area of the viaduct or overpass from which traffic was alleged to have been directed was not in the area of any State police patrols. No officers are assigned to patrol incorporated towns or villages. Captain William Burt, district commander of District 3 of the Illinois State police since 1975, which covered the general vicinity, testified that he had never received any requests to send State police to clear any traffic tie-ups as a result of

flooding of the viaduct in question, nor had he ever received any complaints from the Northlake Hotel concerning damage to its property.

Captain Burt stated that State police are not assigned to an incorporated area unless a request is made by village officials through the office of the Governor and there was no record of any such request. If an emergency situation occurred, the State police might take action, but it would be reported by radio immediately and a field report would be filed. No such reports have been found as to the premises in question.

Captain Hugh S. McGinley, the operations lieutenant for the State police in that area from 1975 to 1978, testified substantially in corroboration of Captain Burt's testimony. Captain McGinley contacted all field supervisors, sergeants and corporals assigned to that district during 1975 to 1978 and personally reviewed all field reports and State police logs and could find no evidence that State police had ever directed traffic at 401 West Lake Street in Northlake.

Based on the evidence, Claimant has failed to sustain his burden of proof by a preponderance of the evidence.

The testimony of Claimant's only witness was uncorroborated and was vague in that he could not supply dates upon which the alleged traffic diversions took place, names of officers to whom he complained, nor even the approximate number of times the diversions of traffic were alleged to have occurred. When the Northlake police commenced directing traffic on his property he complained to the chief of police of Northlake, but there was no explanation as to why he never complained to any supervisory personnel of the

Illinois State police until approximately two years after the traffic diversions were alleged to have taken place, and not until he claimed money damages. Repair work was done in 1978 and again in 1980. Since there was no testimony that there were traffic diversions onto the property after 1978, the necessity of repairs to the pavement in 1980 cannot be explained except by concluding that the necessity for repairs came from causes other than the State police directing traffic upon the premises. The same conclusion can be drawn from the fact that the driveway was in "fair condition" in 1975 although it had been used only for approximately one year in 1969.

On the other hand, Respondent's evidence was clear that the viaduct in question was not the subject of State police patrols and that State police do not direct traffic in incorporated areas. An exhaustive investigation and search failed to reveal any records of State police direction of traffic in the area, of any requests for such police activity, nor of any complaints by the Northlake Hotel. The fact that the Northlake police officers commenced to direct traffic onto the property is further evidence that the area in question was under local and not State police jurisdiction and control.

It is therefore ordered that the claim be dismissed with prejudice.